U.S. Dist. Court
Dist. of Conn

Jose A. Jusino                                  : 3:21-CV-00689(SRU)
  Plaintiff                                     :
      v.                                        :
Colleen Gallagher,                              :
Rose Walker, Furtick,                           :
Henderson, Ellison,                             :
Kristine Barone, Doran,                         :
Ocando, Maldonado                               :
All sued in their individuals                   :
and Official capacities                         :

## Jury Trial Demanded

## Complaint

1. Plaintiff Jose A. Jusino bring this action pursuant to 42 U.S.C. § 1983, because Defendants violated the Eighth Amendment to the United States Constitution, and right to due process of law under the Fourteenth Amendment of the United States Constitution. Plaintiff seeks damages and injunctive relief.

1

# Parties

2. Plaintiff Jose A. Jusino, at all relevant times was and is an inmate confined to the Connecticut Department of Correction ("CDOC").

3. Defendant Colleen Gallagher at all relevant times was/is the C.D.O.C. Health Program Director.

4. Defendant Furtick and Henderson at all relevant times was/is the MacDougall C.I. Nursing Supervisors.

5. Defendant Ross Walker at all relevant times was/is the MacDougall C.I. Health Services Review Coordinator.

6. Defendant F. Ellison, at all relevant times was/is a nurse at MacDougall C.I.

7. Defendant Kristine Barone, at all relevant times was/is the MacDougall C.I. Warden.

8. Defendant D. Doran, Ogando, Maldonaldo, at all relevant times was/is the MacDougall C.I. Deputy Warden.

9. Defendant Gallagher, Walker, Furtick, Henderson, Ellison, Barone, Doran, Ogando, Maldonaldo at all relevant times were acting within the scope of their employment and under color of state law, they are sued in their individual and official capacities.

# Jurisdiction

10. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and law of the United States, and because this action also seeks to redress the deprivation of constitutional rights under color of law.

# Exhaustion of Administrative Remedies

11. Plaintiff exhausted his administrative remedies IGP# 137-30536-21

# Statement of Facts

12. Plaintiff was subjected to harsh conditions of restraints handcuff to his back for one (1) hour, five (5) days out the week during recreation for approximately eleven (11) months. Plaintiff suffered injuries to his back and shoulder. (Case # 3:21-cv-620(SRU))

13. February 8, 2021, Plaintiff was transfered to the MacDougall Building of the MacDougall-Walker C.I.

14. The MacDougall Inmate Rule Handbook, page 18 Sec. 4(B) under <u>Access to Services</u> it states "Routine access to Health Care Services is by submitting a request to Sick Call, The Health Services Request Box (medical sick call box) is located in your Housing Unit".

15. The D.O.C. Administrative Directive Scope of Health Services Care 8.1 Sec 6(A) <u>Sick Call</u> It States "The Contracted Health Services Provider shall ensure a process for all inmates on a daily basis request for Health Care."

16. D.O.C. Administrative Directive Scope of Health Services Care 8.1 Sec 4 <u>Scope of Services and Access to Care</u> it states "Inmate shall be provided information at intake and upon transfer among Correctional Facilitys on the Procedures for Obtaining Healthcare Services".

4

17. March 8, 2021, Plaintiff submitted a request to Sick Call in the Health Services Request Box located in the Housing Unit, the Request stated "Since 2019, I've been having back/shoulder aches, I was prescribed muscle relaxer for over Six (6) month's and motrins, the aches has gotten worst. If I lay on my side my shoulder feel like is shattering and my arm goes numb with pain up & down my arm/shoulder/upper back and when I rotate my shoulder It's a clicking sound" March 10, 2021 Plaintiff received a response from Defendant Ellison stating "Please sign up for Prompt Care"

18. Plaintiff not familiar with "Prompt Care" or how to "Sign up for Prompt Care" It is not discuss in D.O.C. Directives or Facility Handbook. It is not available at any other facility for the C.D.O.C. Plaintiff was never provided information on the process to sign up for Prompt Care at intake or upon transfer.

5

19. Plaintiff medical needs was disregarded for approximately 30 days, Plaintiff was requesting for information on how to sign up for "prompt care" and told prompt care sign up sheet was not available.

20. Defendant Ellison was deliberate indifference to Plaintiff serious medical needs, by having actual knowledge of an objectively cruel condition threw a Inmate Request Form, and did not respond reasonably to the risk/pain. To delay access to treatment, failure to inquire into essential facts that was necessary to make a professional judgment. Interference with medical judgment by factors unrelated to prison medical needs. The failure to follow professional standards, Prison Health Services care protocols/policys constitute deliberate indifference.

21. Defendant Walker after being informed of the violation through grievances failed to remedy the wrong, exhibited deliberate indifference to the right of inmates by failing to act on information indicating that unconstitutional acts were occurring.

6

22. Defendant Gallagher, Furtick, Henderson, Barone, Duran, Ogando, Maldonado created created/allowed the continuances of a procedure under which unconstitutional practices occurred

23. Defendant Gallagher, Furtick, Henderson, Ross, Barone, Duran, Ogando, Maldonado are in position of authority/responsibility to ensure/force C.D.O.C. policy's, and created/practices/allowed procedures that contradict C.D.O.C./facility policy's, which subjected Plaintiff to extreme pain, and further injuries to Plaintiff injuries.

24. Plaintiff has been threaten to be transferred to another facility if Plaintiff was to challenged/file lawsuit on "Prompt Care", so Defendants could avoid the risk of having "Prompt Care" removed from procedures as it benefit staff to avoid paper trail/evidence. (liability)

Joss A. Jusino

# Prayer For Relief

WHEREFORE, Plaintiff Respectfully Prays For Relief As Follows:

1. An Injuction Requiring Plaintiff Physical Therapy, Requiring Double Mattress Pass.
2. An Award of Compensatory and Punitive Damages against defendants In Their Individual/Official Capacities.
3. Reimbursement of All Legal Fees.
4. Such other Relief As The Court may deem just and proper.

# Verification

I, Jose A. Jusino, Verify, under penalty of Perjury Pursuant to 28 U.S.C. 1746, That The Foregoing Is True and Accurate and is Based upon my Personal Knowledge

5/23/2021

Jose A. Jusino
Plaintiff