UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>  Plaintiff,<br><br>  v.<br><br>COLLEEN GALLAGHER, et al.,<br>  Defendants. | No. 3:21-cv-00689 (SRU) |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

On November 2, 2022, the plaintiff, Jose Jusino ("Jusino") filed a motion to compel. Doc. No. 37. Therein, he asserts that the only remaining defendant, Jean Caplan ("Caplan") has not provided him medical documents requested in discovery. *Id.* Several days later, Caplan filed an objection to the motion. Doc. No. 40. Jusino filed a reply shortly thereafter. Doc. No. 41.

Caplan contends Jusino is not entitled for the relief he seeks for three reasons. The first basis is procedural; Jusino failed to comply with Local Rule 37. Doc. No. 40, at 3. Second, Caplan contends that Jusino's request is ambiguous. *Id.* at 5. Finally, Caplan argues that she has already provided "a copy of [Jusino's] medical chart for the entirety of the medical care he received while at the Department of Correction." *Id.* at 6.

Because the Federal Rules are to be construed liberally in favor of discovery, the burden falls on the party resisting discovery to show why discovery should be denied. *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004). All "[m]otions relative to discovery," including motions to compel, "are addressed to the discretion of the [district] court." *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981). Under Rule 26(b)(1), Jusino's discovery requests must be "relevant" to his Eighth Amendment deliberate indifference claim against Caplan.

      In light of Jusino's status as an incarcerated self-represented party, the Court will not deny the motion to compel on grounds of Local Rule 37 noncompliance. Ironically, defense counsel's office routinely excuses their failure to comply with Local Rule 37 by noting that the opposing plaintiff is an inmate. Admittedly, Jusino's initial request for a "copy of any record…" relating to his medical treatment may have been broad or duplicative. But Jusino has since clarified that he only seeks his medical records documenting Caplan's evaluation and treatment of his shoulder from July 31, 2021 to June 9, 2022; records that he states he has not received. *See* Reply, Doc. No. 41, at 2. Because this request is clear, limited in scope, and relevant to his deliberate indifference claim against Defendant Caplan, Jusino's motion to compel, doc. no. 37, is **granted**. The Court instructs Caplan to send Jusino, within 14 days of this order, the medical records authored by Caplan related to the treatment and evaluation of Jusino's shoulder from July 31, 2021 to June 9, 2022. Caplan is also instructed to file a notice of compliance with this order within 14 days of this order.

      It is so ordered.

Dated at Bridgeport, Connecticut this 1st day of March 2023.

                                                      /s/ STEFAN R. UNDERHILL
                                                      Stefan R. Underhill
                                                      United States District Judge